# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1523

_____

Brett Surveyor,                                    *
                                            *

            Appellant,                      *
                                            *

      v.                                        *
                                            *

Jerry W. Cavaneau, United States   *
Magistrate, Eastern District of     *
Arkansas; J. Thomas Ray, United States *
Magistrate, Eastern District of     *
Arkansas; John F. Forster, United   *
States Magistrate, Eastern District of *   Appeal from the United States
Arkansas; Henry L. Jones, Jr., United *   District Court for the
States Magistrate, Eastern District of *   Eastern District of Arkansas.
Arkansas; H. David Young, United   *
States Magistrate, Eastern District of *   [UNPUBLISHED]
Arkansas; James M. Moody, United   *
States District Judge, Eastern District *
of Arkansas; G. Thomas Eisele,     *
United States District Judge, Eastern  *
District of Arkansas; Stephen M.    *
Reasoner, United States District Judge, *
Eastern District of Arkansas; Susan   *
Webber Wright, United States District *
Judge, Eastern District of Arkansas;  *
George Howard, Jr., United States   *
District Judge, Eastern District of   *
Arkansas; William R. Wilson, United  *
States District Judge, Eastern District *
of Arkansas; David R. Hansen, Senior *
Judge, 8th Circuit Court of Appeals;  *
George G. Fagg, Senior Circuit Judge, *

8th Circuit Court of Appeals; C. Arlen     *
Beam, Senior Circuit Judge, 8th     *
Circuit Court of Appeals; J. Mallard,     *
Corporal, Arkansas Department of     *
Correction,     *
    *
         Appellees.     *

_____

Submitted: March 14, 2007
Filed: March 19, 2007

_____

Before GRUENDER, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Brett Surveyor filed a 42 U.S.C. § 1983 action naming numerous federal judges and J. Mallard, a corporal at the Arkansas Department of Correction (ADC). Surveyor alleged that Mallard used excessive force against him on July 1, 2002, and then again on July 11 in retaliation for grievances Surveyor had filed. As to the judicial defendants, Mallard alleged the existence of a conspiracy with prison officials to violate inmates' constitutional rights. The district court dismissed the claims against the federal judges before service of process as legally frivolous, and granted summary judgment to Mallard after concluding that Surveyor had failed to exhaust his administrative remedies and that his excessive-force claim was meritless. Surveyor appeals. We affirm the dismissal of the claims against the federal judges for the reasons discussed by the district court, but we reverse the grant of summary judgment as to Mallard.

As to exhaustion of administrative remedies, the burden was on Mallard to show that Surveyor failed to exhaust available remedies under ADC regulations, and we conclude that Mallard failed to do so. *See Jones v. Bock*, 127 S. Ct. 910, 915, 921

-2-

(2007) (failure to exhaust administrative remedies under Prison Litigation Reform Act is affirmative defense which defendant must plead and prove). Mallard listed failure to exhaust as an affirmative defense in his answer, but he did not file a motion to dismiss based on exhaustion nor did he discuss exhaustion in his motion for summary judgment. Accordingly, Mallard did not address Surveyor's contentions that he filed grievances about the assaults but did not receive any response due to staff shortages, that Surveyor complained to the inmate grievance supervisor about the lack of response, and that Surveyor made other unsuccessful efforts to exhaust. *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (defendant failed to establish lack of exhaustion at trial where only evidence was inmate's testimony that he filed grievance, and that the lack of a response precluded filing grievance appeal; although testimony indicated plaintiff may have been able to request "emergency grievance" under rules, term was nowhere explained). On appeal, Surveyor has attached copies of the grievances he filed against Mallard, and he insists that he appealed these grievances "through" his letter to the inmate grievance supervisor when he received no response. On remand the district court should decide the question of exhaustion after placing the burden on Mallard and permitting the parties to develop the record as necessary.

As to the merits of Surveyor's complaint, we conclude that the record presents trialworthy issues on the excessive-force claims based on Surveyor's deposition testimony. According to Surveyor, on July 1 Mallard grabbed his shirt through the bars of his cell, and when Surveyor stuck his hands through the cell bars to push Mallard away, Mallard hit Surveyor's hands with handcuffs so hard that Surveyor had to have stitches in one finger. Some days later, on July 11, Mallard threatened to hurt Surveyor during inmate count. After the count, Mallard told an officer in the booth to open Surveyor's cell as he was "fixing to whip [Surveyor's] ass." When Surveyor obeyed Mallard's order to approach him, Mallard told Surveyor that he had the "answer" for the grievances Surveyor had written, and hit Surveyor on the side of the head. According to Surveyor, he did not raise his hand to Mallard until he had been

hit once, and he was assuming a defensive posture to avoid a second blow. Surveyor ultimately grabbed Mallard after he had been hit a second time, in an attempt to prevent a third blow, which resulted in the two men falling to the ground. Surveyor testified that after the July 11 beating he was repeatedly taken to the infirmary, and he continued to receive medication for headaches and back pain.

Although Mallard presented a differing version of these events, we conclude, viewing the record in a light most favorable to Surveyor as we must, *see Heisler v. Metro. Council*, 339 F.3d 622, 626 (8th Cir. 2003) (summary judgment standard of review), that the record presents trialworthy issues as to whether Mallard used force on July 1 and 11 to harm Surveyor, rather than to restore discipline or to defend himself, *see Hudson v. McMillian*, 503 U.S. 1, 4, 6-7 (1992) (when brutality by guard is alleged, question is whether force was applied in good faith effort to maintain discipline or maliciously for very purpose of causing harm; loose teeth, and minor bruises and swelling on face, resulting from guard's beating of inmate, are not de minimis injuries for Eighth Amendment purposes); *Miller v. Leathers*, 913 F.2d 1085, 1087-89 (4th Cir. 1990) (en banc) (reversing grant of summary judgment where-- according to inmate--guard and inmate had verbal argument over grievance, guard threatened to "kick [inmate's] white ass," inmate insulted guard and raised his handcuffed hands to ward off impending blow, guard then struck inmate three times, and inmate reacted by pushing guard away and picking up broom to protect himself).

Finally, we note that the district court did not address Surveyor's allegation that Mallard threatened and assaulted him in retaliation for filing grievances. *See Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (per curiam) (allegation that correction officers threatened inmate's safety because he used prison grievance system is actionable retaliation claim under § 1983).

Accordingly, we reverse the dismissal of Surveyor's retaliation and excessive-force claims against Mallard, and we remand as to these claims for further proceedings consistent with this opinion. In all other respects, we affirm.

_____